UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
**2016 MSPB 11**

Docket No. CH-0845-15-0605-I-1

**Angela Campbell,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency.**

February 25, 2016

Kory D. Stubblefield, Esquire, Springfield, Missouri, for the appellant.

Cynthia Reinhold, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1     The appellant has filed a petition for review of the initial decision that dismissed her Federal Employees' Retirement System (FERS) overpayment appeal for lack of jurisdiction. For the reasons set forth below, we GRANT the petition for review, VACATE the initial decision, and REMAND the appeal for further adjudication.

BACKGROUND

¶2     The appellant is a FERS survivor annuitant. Initial Appeal File (IAF), Tab 1 at 1, 16. On April 9, 2013, the Office of Personnel Management (OPM) issued an initial decision informing her that it had overpaid her late husband's

basic annuity by $13,361.90 because it neglected to reduce his annuity to account for the survivor benefit election.  Petition for Review (PFR) File, Tab 1 at 10-11. OPM stated that it had collected some monies from the annuity payable to the appellant's late husband in the month of his death, leaving a balance of $12,239.60, which it would collect by withholding in installments from the appellant's survivor annuity.  *Id*.  The appellant requested reconsideration, and on July 14, 2015, OPM issued a final decision adjusting the collection schedule but declining to waive the overpayment or otherwise modify the overpayment amount.  IAF, Tab 1 at 16-19.

¶3        The appellant filed a Board appeal, challenging OPM's decision.  *Id*. at 7, 9.  During the pendency of the appeal, OPM informed the administrative judge that it had rescinded its decision, and it requested that the appeal be dismissed.  IAF, Tab 6.  The administrative judge issued an order, directing the appellant to show cause why her appeal should not be dismissed for lack of jurisdiction in light of OPM's rescission.  IAF, Tab 7.  After the appellant responded, IAF, Tab 8, the administrative judge issued an initial decision finding that OPM completely rescinded its final decision and dismissing the appeal for lack of jurisdiction, IAF, Tab 9, Initial Decision.

¶4        The appellant has filed a petition for review, arguing that OPM's rescission is incomplete because OPM has not refunded the money that it collected from her late husband's basic annuity and that, within 1 week of issuance of the initial decision, OPM began withholding amounts from her survivor annuity to collect the overpayment.[1]  PFR File, Tab 1 at 6-8.  OPM has filed a response, arguing that it refunded the money that it withheld from the appellant's survivor annuity

---

[1] We have considered all of the evidence and argument that the parties filed for the first time on review because the appellant was not apprised of the dispositive jurisdictional issue until the initial decision was issued.  *See Nevins v. U.S. Postal Service*, 107 M.S.P.R. 595, ¶ 17 (2008).

payments and that it was authorized by statute to make withholdings from the appellant's late husband's basic annuity pending due process. PFR File, Tab 4.

ANALYSIS

¶5    One way for OPM to recover a debt to the Civil Service Retirement and Disability Fund is by an administrative offset against a FERS annuity payment. 5 C.F.R. §§ 845.205(a), .206(a). OPM has the authority to withhold money from a survivor annuity to recover an overpayment of the deceased spouse's basic annuity. *Simpson v. Office of Personnel Management*, 96 M.S.P.R. 52, ¶¶ 7-15, 21 (2004). Normally, OPM will not commence collection until the administrative review process of 5 C.F.R. § 845.204 has been completed, i.e., until OPM has issued a final decision and the Board has acted on any appeal of that decision. 5 C.F.R. § 845.205(d)(1). However, 5 C.F.R. § 845.205(d)(1) provides that OPM may commence collection before the administrative review process has been completed if "failure to make an offset would substantially prejudice the Government's ability to collect the debt[] and the time before the payment is to be made does not reasonably permit completion of the proceedings in § 845.204 or litigation."[2]

¶6    In this case, OPM collected the amount at issue, $1,122.30, pursuant to these exigent collection provisions. PFR File, Tab 4 at 4-5. The fact that OPM was authorized to commence collection before issuing a final decision does not

---

[2] Section 845.205(d)(1) also provides that, if offset begins without the completion of OPM's administrative review process, that process will be completed "promptly." Unfortunately, it took OPM more than 2 years to issue its final decision in this case, and it now represents to the Board that its administrative review process still is not complete. *See* PFR File, Tab 4 at 4; IAF, Tab 1 at 16. Regardless, because we are remanding for a determination of whether the Board has jurisdiction over this appeal, we find it unnecessary at this time to examine whether OPM's administrative review process was "prompt."

mean that once the final decision was issued, OPM could rescind it without refunding the collection and thereby divest the Board of jurisdiction.[3]

¶7    If OPM completely rescinds its final decision, the Board no longer has jurisdiction over the appeal in which that decision is at issue. *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013). A complete rescission requires OPM to return the appellant to the status quo ante. *See id.*, ¶ 10. Status quo ante means placing the injured party, as near as possible, in the position she would have held had "the wrong not been committed." *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 n.3 (Fed. Cir. 1984) (quoting *Wicker v. Hoppock*, 73 U.S. 94, 99 (1867)).

¶8    Thus, to rescind a final overpayment decision, OPM must, among other things, refund any money that it already collected from the appellant to recoup the alleged overpayment. *See Martin*, 119 M.S.P.R. 188, ¶¶ 2-5, 7, 10 (finding that rescission of an OPM overpayment reconsideration decision was incomplete where, in pertinent part, the Office of Workers' Compensation Programs (OWCP) had not repaid funds it had withheld from the appellant's workers' compensation benefits at OPM's direction); *Butler v. Office of Personnel Management*, 46 M.S.P.R. 288, 292-93 (1990) (remanding to provide the appellant with the opportunity prove Board jurisdiction where he alleged, in pertinent part, that OWCP had not repaid funds withheld from his workers' compensation benefits at OPM's direction); *see also Alexis v. Office of Personnel Management*, 106 M.S.P.R. 315, ¶¶ 5, 7 (2007) (dismissing as moot an appeal where OPM, in pertinent part, rescinded its overpayment reconsideration decision, including refunding withheld funds).

¶9    In this case, it is undisputed that OPM has not refunded the $1,122.30 that

---

[3] In reaching this determination, we assume, without deciding, that the exigent collection provisions were lawful and that OPM properly invoked them.

it withheld from the appellant's deceased husband's basic annuity.[4]  OPM appears to argue that complete rescission does not require such a refund.  PFR File, Tab 4 at 4-5.  For the following reasons, we find that remand is necessary because we are unable to make a determination as to whether OPM has provided status quo ante relief.

¶10      Although OPM withheld the $1,122.30 from the appellant's late husband's basic annuity payment before it issued the final decision under appeal, that withholding was based on the same overpayment determination underlying the final decision.  IAF, Tab 1 at 16-19; PFR File, Tab 1 at 10-11.  Complete rescission of the decision and a return to the status quo ante requires OPM to refund that money to the appellant if she has an interest in it under FERS.  *Cf.* 5 U.S.C. § 8461(e)(1) (providing for Board appeals of OPM determinations affecting an individual's rights or interests under FERS); *Miller v. Office of Personnel Management*, 123 M.S.P.R. 68, ¶ 11 (2015) (observing in an appeal arising under the Civil Service Retirement System that the Board's jurisdiction over retirement matters generally derives from an appellant's rights or interests under Federal retirement law); 5 C.F.R. § 1201.3(a)(2).

¶11      It appears likely that the appellant has such an interest in all or some of her late husband's accrued but unpaid annuity.  OPM is to distribute such amounts to the beneficiary properly designated by the annuitant.  5 U.S.C. § 8424(d), (g).  If there is no such beneficiary, payment is made to the widow or widower of the deceased former employee.  5 U.S.C. § 8424(d).  Because the record does not reflect whether the appellant's late husband made a designation for his accrued but unpaid annuity, we cannot determine whether OPM has returned the appellant

---

[4] In addition, OPM withheld one monthly installment from the appellant's survivor annuity after the initial decision was issued.  PFR File, Tab 1 at 7, 12, Tab 4 at 5-6.  OPM asserts that it did so in error and that it refunded that money to the appellant.  PFR File, Tab 4 at 5-7.  The appellant does not dispute OPM's assertion.

to the position in which she would have been had the final decision not been issued. If the administrative judge finds that the appellant has no entitlement to the $1,122.30, then she may determine that OPM has afforded status quo ante relief, and once again dismiss the appeal for lack of jurisdiction.[5] *See* 5 U.S.C. § 8442(d)(1) (providing that, as applicable here, a widow's survivor annuity "commences on the day after the death of the individual on whose service such annuity is based").

ORDER

¶12      We remand this appeal for further adjudication consistent with this Opinion and Order.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.

---

[5] On remand, the appellant has the burden of proving jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).